

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D C 20530*

June 10, 2013

David Bos, Esq.
Office of the Federal Public Defender
625 Indiana Avenue, Suite 550
Washington, D.C. 20004
*Counsel for Defendant Lim Kow Seng*

Douglas C. McNabb, Esq.
McNabb Associates, PC
1200 Smith Street, Suite 1600
Houston, Texas 77002
*Counsel for Defendant Hia Soo Gan Benson*

**FILED**
**JUN 2 6 2013**
**U.S. DISTRICT COURT**

Re:  United States v. Lim Kow Seng and Hia Soo Gan Benson
      Case No. 10-174 (EGS)

Dear Counsel:

This letter contains the final plea offer being extended to your clients, Lim Kow Seng (Lim) and Hia Soo Gan Benson (Hia), respectively, from the Criminal Division of the Office of the United States Attorney for the District of Columbia and the National Security Division of the Department of Justice (hereinafter also referred to collectively as "the Government," or "this Office," or "the United States"). **This plea offer will expire at 12 noon on June 18, 2013.** This offer is "wired," that is contingent upon the acceptance by both defendants. If your client accepts the terms and conditions of this plea offer, please have him execute this document in the space provided below, as well as initial each individual page, where indicated. Please also sign and initial in the spaces provided. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

LKS _(initials)_   DB _(initials)_
HSGB _(initials)_  DM _(initials)_

1. **Charges and Statutory Penalties.** Your client agrees to plead guilty to Count Eight of the Indictment, that is, Conspiracy to Defraud the United States by Dishonest Means, in violation of 18 U.S.C. § 371.

2. **Potential Penalties, Assessments, and Restitution.** Your client understands that pursuant to 18 U.S.C. § 371, Conspiracy to Defraud the United States by Dishonest Means carries a maximum sentence of 5 years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), and a fine of $1,000,000 or a fine of five times the value of the exports involved, whichever is greater, for corporations, a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

Your client understands that he will be sentenced according to 18 U.S.C. § 3553(a) through (f), upon consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2010) (hereinafter "Sentencing Guidelines" or "U.S.S.G."), which will apply to determine your client's sentencing guideline ranges. Your client understands that pursuant to 18 U.S.C. § 3571 and U.S.S.G. § 5E1.2, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

3. **Agreement not to Prosecute.** Upon acceptance of this Plea Agreement by the Court and at the time of your client's sentencing, the Government will request that the Court dismiss the remaining counts in the Indictment. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact, and that your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. Furthermore, other than the offense to which your client agrees to plead guilty pursuant to this Plea Agreement, the United States agrees not to charge your client with any other criminal offenses committed before execution of this Plea Agreement, arising out of the operative facts supporting the indictment. This paragraph does not apply to any "crimes of violence," as that term is defined by 18 U.S.C. § 16 and D.C. Code § 22-3202, or any offenses which your client fails to disclose to us before entering into this Plea Agreement.

4. **Waiver of Constitutional and Statutory Rights.** Your client understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on his behalf, and to choose whether to testify himself. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that his failure to testify could not be held against him. Your client would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client was found guilty after a trial, he would have the right to appeal his conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects him from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up his right against self-incrimination.

5. **Factual Stipulations.** Your client agrees that the attached Statements of Offense fairly and accurately describes your client's actions and involvement in the offense to which he is pleading guilty. If your client accepts the terms and conditions of this offer, please have him execute the Statement of Offense in the space provided, as well as initial each individual page, where indicated. Please also sign and initial in the spaces provided and return the original signed document along with this signed Plea Agreement.

6. **Sentencing Guidelines.** As indicated above, your client understands that his sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies in Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentences, the parties stipulate to the following Sentencing Guidelines calculations:

    a. **Offense Level Under the Guidelines.** The parties agree that the applicable Guideline is that applicable to the charge of Conspiracy to Defraud the United States by Dishonest Means, in violation of 18 U.S.C. § 371. Accordingly, the parties agree that the applicable Guideline is U.S.S.G. § 2M5.2(a)(1) and **the base offense level is 26.**

    (1). **Downward Adjustment for Acceptance of Responsibility.** Assuming your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government through his allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 3-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

Accordingly, the stipulated applicable adjusted offense level is 23.

    b. **Criminal History Category.** Based on the Government's investigation to date and representations from your client, the government is not aware of any criminal convictions of your client. In addition, even if your client had any prior convictions, they would not be counted toward his sentence pursuant to U.S.S.G. § 4A1.2(h). Accordingly, your client's Criminal History Category is I.

    c. **Applicable Guideline Range.** Based upon the calculations set forth above, your client's Stipulated Sentencing Guidelines range is at least 46-57 months (the "Stipulated Guidelines Range") for the offense.

Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the Sentencing Guidelines, but which is not bound by those Guidelines. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance

3    LKS    DB 
HSGB    DM

with the above calculation will not void this Plea Agreement or serve as a basis for the withdrawal of your client's plea. Your client understands and agrees that your client will not be allowed to withdraw his guilty plea entered pursuant to this Plea Agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Plea Agreement.

The parties agree that consistent with 18 U.S.C. § 3585 and the practice of the Bureau of Prisons, the time the defendant has spent incarcerated in Singapore pursuant to the provisional arrest warrant and extradition requested by the United States will be credited toward the service of any term of imprisonment.

7. **Conditions of Release Pending Sentencing.** Your client agrees not to seek his release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

8. **Reservation of Allocution.** The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that your client may seek a sentence outside of the Guidelines Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of the Guidelines range based upon the factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a). Your client understands, however, that the Government will oppose a sentence outside of the applicable Guidelines range.

The Government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including any misconduct not described in the charge to which your client is pleading guilty. The Government also reserves the right to inform the presentence report writer and the Court of any relevant facts to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Plea Agreement.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G., § 3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G., § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement. The Government reserves the right to appeal the sentence in this case.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-

LKS _иэ'_  DB _/јис_

HSGB _Ӡ_  DM __  _июн_

sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. **Interpreter.** Your client understands that, if an interpreter is required to assist in translating this Plea Agreement into his native language, your client agrees to request, pursuant to Title 18 U.S.C. § 3006A, "The Criminal Justice Act," to secure the services of a certified interpreter to verbally translate the Plea Agreement and related documents for your client into you're his native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Plea Agreement.

10. **Appeal Waiver.** Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords your client the right to appeal his sentence in this case. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentences or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Further, your client reserves the right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that his sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives his right to appeal the sentences, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

11. **Breach of Agreement.** Your client understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under this Plea Agreement, or commits any further crimes, then he will have breached this Plea Agreement. In the event of such a breach, (a) the United States will be free from its obligations under the Plea Agreement; (b) your client will not have the right to withdraw his guilty pleas; (c) your client shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by him and any of the information or materials provided by him, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

5

LKS ⟨initials⟩ DB ⟨initials⟩

HSGB ⟨initials⟩ DM 

Your client acknowledges discussing with you Fed. R. Crim. P. 11(f) and Federal Rule of Evidence (FRE) 410; rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of his guilty plea will be admissible against him for any purpose in any criminal or civil proceeding if your client breaches this Plea Agreement or his guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, he agrees that the United States will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, make false statements or declarations, or obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by him after the execution of this Plea Agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to his obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw his guilty plea.

12. **Immigration Consequences**. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement.

    a. **Stipulated Judicial Order of Removal**. The defendant agrees to the entry of a stipulated judicial order of removal pursuant to 8 U.S.C. § 1228(c)(5). Specifically, the defendant agrees that the defendant is removable from the United States upon the completion of the sentence imposed in this case. The defendant consents to the entry of an order of removal issued by this Court and to the immediate execution of such order upon completion of the sentence imposed in this case. The defendant waives the right to the notice and hearing provided for in 8 U.S.C. § 1228(c)(2), and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal. The United States represents that it has sought and received the Secretary of the Department of Homeland Security's permission to seek the defendant's stipulated removal pursuant to 8 U.S.C. § 1228(c)(5). The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of his right to challenge the stipulated removal was knowing and voluntary.

    b. **Waiver of Rights Related to Removal from the United States**. Your client agrees to waive your client's rights to any and all forms of relief or protection from

6     LKS ___ DB ___ 
           HSGB ___ DM ___

removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture.

        c.    **The Defendant's Cooperation in the Defendant's Removal**. The defendant agrees to assist the U.S. Department of Homeland Security (DHS) in the execution of the defendant's removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist the DHS in the execution of the defendant's removal shall breach this plea agreement and may subject the defendant to criminal penalties under 8 U.S.C. § 1253.

        13.    **Prosecution by Other Agencies/Jurisdictions.** This Plea Agreement only binds the United States Attorney's Office for the District of Columbia and the National Security Division of the Department of Justice. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the United States Department of the Treasury, including the Internal Revenue Service; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

        14.    **No Other Agreements.** No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, he should initial each page and sign the original in the spaces provided and return the executed Plea Agreement to us. The original of this Plea Agreement will be filed with the Court.

        Sincerely,

        *[signature]*
        RONALD C. MACHEN JR.
        United States Attorney
        for the District of Columbia

7    LKS *[initials]* DB *[initials]*
    HSGB *[initials]* DM *[initials]*

_____
Anthony Asuncion
Assistant United States Attorney
National Security Section
(202) 252-7786
Anthony.Asuncion@usdoj.gov

_____
Richard S. Scott
Trial Attorney
Counterespionage Section
(202) 233-2263
Richard.S.Scott@usdoj.gov

8     LKS ___  DB ___
HSGB ___  DM ___

**Defendant Lim Kow Seng's Acceptance**

I, Lim Kow Seng, have read this Plea Agreement and carefully reviewed every part of it with my attorney, David Bos, Esq. I am fully satisfied with the legal services provided by Mr. Bos in connection with this Plea Agreement and all matters relating to it. I fully understand this Plea Agreement and voluntarily enter into it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. No agreements, promises, understandings, or representations have been made to me other than those set forth above. I am pleading guilty to the offense set forth in the Plea Agreement because I am guilty of this crime.

_6/26/13_  
Date

_[signature]_  
Lim Kow Seng

**Defendant Hia Soo Gan Benson's Acceptance**

I, Hia Soo Gan Benson, have read this Plea Agreement and carefully reviewed every part of it with my attorney, Douglas C. McNabb, Esq. I am fully satisfied with the legal services provided by Mr. McNabb in connection with this Plea Agreement and all matters relating to it. I fully understand this Plea Agreement and voluntarily enter into it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. No agreements, promises, understandings, or representations have been made to me other than those set forth above. I am pleading guilty to the offense set forth in the Plea Agreement because I am guilty of this crime.

_6/26/13_  
Date

_[signature]_  
Hia Soo Gan Benson

9       LKS _[initials]_   DB _[initials]_  
        HSGB _[initials]_  DM _[initials]_

## Counsels' Acknowledgment

  I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Lim Kow Seng, and discussed the provisions of the Plea Agreement with him fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

_6/26/13_  
Date

_[signature]_  
David Bos, Esq.  
Counsel for Lim Kow Seng

  I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Hia Soo Gan Benson, and discussed the provisions of the Plea Agreement with him fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

_6·26·13_  
Date

_[signature]_  
Douglas C. McNabb, Esq.  
Counsel for Hia Soo Gan Benson

10   LKS _[initials]_   DB _[initials]_  
    HSGB _[initials]_   DM ___