UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON, DC DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CASE NO. 1:10-CR-00174-08-EGS |
| HIA SOO GAN BENSON | § | |

### DEFENDANT'S SENTENCING MEMORANDUM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE EMMET G. SULLIVAN FOR THE DISTRICT OF COLUMBIA, WASHINGTON, DC DIVISION:

COMES NOW, Douglas C. McNabb, by and through the firm of McNabb Associates, P.C., on behalf of Hia Soo Gan Benson, Defendant, and respectfully files Defendant's Sentencing Memorandum. In support, the defense would show as follows:

## I.
### PROCEDURAL HISTORY

On June 23, 2010, the United States charged Mr. Benson in six (6) counts of a twelve (12) count Indictment. Count one (1) charges Mr. Benson with conspiracy in violation of 18 U.S.C. § 371. Count five (5) charges Mr. Benson with false statements in violation of 18 U.S.C. § 1001(a)(1). Count eight (8) charges Mr. Benson with conspiracy in violation of 18 U.S.C. § 371. Count nine (9) charged Mr. Benson with smuggling in violation of 18 U.S.C. § 554. Count ten

(10) charges Mr. Benson with illegal exports of defense articles in violation of 22 U.S.C. § 2778(b)(2) and 22 C.F.R. § 127.2.  Count eleven (11) charges Mr. Benson with false statements in violation of 18 U.S.C. § 1001.

On September 15, 2010, the United States charged Mr. Benson in six (6) counts of a twelve (12) count Superseding Indictment.  Count one (1) charges Mr. Benson with conspiracy in violation of 18 U.S.C. § 371.  Count five (5) charges Mr. Benson with false statements in violation of 18 U.S.C. § 1001(a)(1).  Count eight (8) charges Mr. Benson with conspiracy in violation of 18 U.S.C. § 371.  Count nine (9) charged Mr. Benson with smuggling in violation of 18 U.S.C. § 554.  Count ten (10) charges Mr. Benson with illegal exports of defense articles in violation of 22 U.S.C. § 2778(b)(2) and 22 C.F.R. § 127.2.  Count eleven (11) charges Mr. Benson with false statements in violation of 18 U.S.C. § 1001.

On June 26, 2013, Mr. Benson appeared before Magistrate Judge Facciola and pursuant to a written plea agreement entered a plea of guilty to count eight of the Superseding Indictment.

Mr. Benson's sentencing is currently set for September 20, 2013.

## II.
### ISSUES PERTINENT TO SENTENCING

**Based on Booker, the Court may consider previously disfavored or prohibited grounds for departure and/or mitigation:**

Prior to the recent Supreme Court decision, the Federal Sentencing Guidelines were mandatory in nature, based on the instructions set forth in 18 U.S.C. § 3553(b). Although departures below the guideline range were permissible in some instances, in practice, departures, with the exception of departures for Substantial Assistance [*see* U.S. SENTENCING GUIDELINES MANUAL § 5K1.1], were rare and were expected to be rare. The remedial portion of the Booker decision, however, excised § 3553(b) from the United States Code, thus rendering the guidelines just one of the factors to be considered in formulating a just and appropriate sentence. United States v. Booker, 543 U.S. 220 (2005). Among the factors to be considered in arriving at a sentence "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in paragraph (2)" are "the history and characteristics of the defendant." Id. at 268.

Preceding the "sea-change" in federal sentencing philosophy signaled by the Booker decision, most cases resulted in the Court being obligated to more or less mechanically apply the guidelines, unless the defendant was able to somehow demonstrate that his case was outside of the "heartland" of similar cases, or that he was eligible for departure based on the extremely rigorous standards governing such findings. Indeed, based on the increased discretion a sentencing court now possesses following Booker, the Court may impose a sentence that reflects both the

offender and the offense rather than one which simply applies numbers found in a rigid (and essentially mechanical) sentencing table.

In this new sentencing framework, this Honorable Court is respectfully asked to fashion a sentence guided by the now-advisory guideline level that would meet all of the requirements of 18 U.S.C. § 3553(a), which states:

> **a) Factors to be considered in imposing a sentence.** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed--
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and
> > >
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other

      correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of Title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of Title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of Title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of Title 28);

(5) any pertinent policy statement--

  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      (B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense.

### III.
#### HIA SOO GAN BENSON

On September 20, 2013, Mr. Benson, now forty-six (46) years old, will appear before this Honorable Court as a remorseful, changed man. He knows what he did caused him to throw away everything he had worked so hard to achieve, as well as jeopardizing the well-being of his cherished loved ones. Mr. Benson knows the mistakes that he has made and accepts full responsibility for those mistakes.

### IV.
#### SUPPLEMENTAL

Counsel is finalizing the redaction of specific documents from non-interested parties in compliance with FED. R. CRIM. P. 49.1

Counsel plans on supplementing this Sentencing Memorandum, which will be overnighted to the Court and Counsel for the Government for receipt on

Monday with variance arguments and other issues. Moreover, Counsel will request that these documents be sealed because of the sensitive nature contained within them.

WHEREFORE, PREMISES CONSIDERED, Defendant, Hia Soo Gan Benson, respectfully requests that this Honorable Court consider his Sentencing Memorandum and Supplement when sentencing him on September 20, 2013.

                              Respectfully submitted,
                              McNabb Associates, P.C.

                              /s/ Douglas C. McNabb
                              Douglas C. McNabb
                              Bar ID# TX0046
                              Two Allen Center
                              1200 Smith Street, Suite 1600
                              Houston, TX 77002
                              (713) 237-0011
                              (713) 583-1516 FAX

                              Counsel for Defendant,
                              Hia Soo Gan Benson

## CERTIFICATE OF SERVICE

I, Douglas C. McNabb, do hereby certify that on this the 6th day of September 2013, a true and correct copy of Defendant's Sentencing Memorandum was filed electronically.

          /s/ Douglas C. McNabb
          Douglas C. McNabb
          Counsel for Defendant,
          Hia Soo Gan Benson